United States District Court
Southern District of Texas
**ENTERED**
May 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DYLAN FORD,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-481** |
| | § | |
| **RODNEYSE BICHOTTE-** | § | |
| **HERMELYN**, *et al.,* | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Dylan Ford's untitled complaint (Ford's "Complaint").

Dkt. No. 1.  For the reasons discussed below, it is recommended that the Court: (1)

**DISMISS WITHOUT PREJUDICE** Ford's Complaint; and (2) **DIRECT** the Clerk of

Court to **CLOSE** this case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 30, 2026, Ford, proceeding pro se and in forma pauperis, commenced

this action by filing his Complaint.  Dkt. No. 1.  In his Complaint, Ford merely states that

"Brian Gotlieb and Joy Campanelli obstructed justice[]" and that "Rodneyse Bichotte-

Hermelyn participated in the process[]".  *Id.* at 1.  As for requested relief, Ford states it to

be "[t]he compensation amount is to be decided by the jury."  *Id.*

---

[1] Information obtained from Ford's Complaint.  *See* Dkt. No. 1.

## II.    LEGAL STANDARD

### A.  Review Under 28 U.S.C. § 1915(e)(2)

The Court may dismiss, sua sponte, a complaint filed in forma pauperis if, at any time, the Court determines that the action is: (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B); *see also Amrhein v. United States*, 740 Fed.Appx. 65, 66 (5th Cir. 2018).

A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim must be facially plausible and "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must give the litigant an opportunity to amend his complaint to remedy the deficiencies." *Graves v. Cain*, 734 Fed.Appx. 914, 915 (5th Cir. 2018) (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).  The report and recommendation of a United States Magistrate Judge provides sufficient notice of the Court's intent to dismiss, and the 14-day objections period provides time for a response.  *Alexander v. Trump*, 753 Fed.Appx. 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)).  If a claim lacks "an arguable basis either in law or fact," then, a court can dismiss a claim as frivolous.  *Hicks*

*v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Nietzke v. Williams*, 109 S.Ct. 1827, 1831–32 (1989)).

### III.   DISCUSSION

Even under a liberal standard, Ford's Complaint fails to state a claim upon which relief can be granted.   Ford's nearly bare Complaint contains no facts as to what Defendants have allegedly done, or how.  *See* Dkt. No. 1.  In his Complaint, Ford does not state any basis upon which the Court has jurisdiction to adjudicate his claims; he cites to no state law, federal statute, constitutional provision, or treaty under which he seeks relief. *Id.*

It is not clear from the Complaint how: (1) the Court has subject matter jurisdiction to adjudicate this case; (2) the Court has personal jurisdiction over the Defendants; or (3) venue is proper in this Court.  Without more, the Court has no choice but to recommend dismissal of Ford's Complaint as it fails to set forth any claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

### IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Ford's Complaint [Dkt. No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **6th** day of **May, 2026,** at Brownsville, Texas.

Ignacio Torteya, III
United States Magistrate Judge